UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIELA BORROTO,

    Plaintiff,

v.　　　　　　　　　　　　　　Case No: 2:17-cv-673-FtM-99CM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Carol Mirando's Report and Recommendation (Doc. #22), filed on January 8, 2019, recommending that the Decision of the Commissioner be reversed and remanded with instructions to the Commissioner. No objections have been filed, and the time to do so has expired.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004)(citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005)(citing

Crawford, 363 F.3d at 1158-59). Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)). The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)(citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007)(citing Martin, 894 F.2d at 1529).

The Magistrate recommends remand to the Commissioner to specifically address how plaintiff's need for a cane to ambulate affects her RFC and her ability to perform other jobs in the national economy; to re-evaluate the opinions of Dr. Bordy and whether there is other work available that plaintiff could perform given her RFC; and to make any other determinations consistent with the Report and Recommendation. After an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #22) is **accepted and adopted** by the Court.

2. The Decision of the Commissioner of Social Security is **reversed** and the matter is **remanded** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner can:

> A. Specifically address how Plaintiff's need for a cane to ambulate affects her RFC and her ability to perform other jobs in the national economy, which may require additional testimony from a vocational expert;
>
> B. Re-evaluate the opinions of Dr. Bordy, articulating the weight given to the limitations he assessed and explaining the reasoning for discounting any of assessed limitations if the ALJ chooses not to incorporate them in Plaintiff's RFC;
>
> C. Re-evaluate whether there is other work available in significant numbers that Plaintiff can perform given her Residual Functional Capacity, identifying and resolving any apparent conflicts between the testimony of a vocational expert and the DOT; and

D. Make any other determinations consistent with this Report and Recommendation, or in the interests of justice.

3. The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___23rd___ day of January, 2019.

/s/ John E. Steele
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Carol Mirando
U.S. Magistrate Judge

Counsel of Record